**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ADRIAN LEE ) | 1:09-CR-62-TLS |

**OPINION AND ORDER**

This matter is before the Court on the parties' Stipulation Regarding Pending Objections and Drug Quantity Pursuant to Sentencing Guidelines [ECF No. 312], filed on October 24, 2011. The Stipulation was filed in anticipation of this Court sentencing Defendant Adrian Lee for conspiracy to distribute cocaine.

**BACKGROUND**

On January 26, 2011, the Government filed a Superseding Indictment [ECF No. 178] against Defendant Adrian Lee and six Co-defendants. The Superseding Indictment charged Lee with knowingly and intentionally conspiring with others from on or about July 14, 2008, to on or about May 27, 2009, to distribute cocaine in violation of 21 U.S.C. § 846; knowingly and intentionally possessing with intent to distribute cocaine on or about May 27, 2009, in violation of 21 U.S.C. § 841(a)(1); and possessing a firearm from on or about April 24, 2009, to May 27, 2009, in furtherance of the charged drug offenses, in violation of 18 U.S.C. § 924(c). On June 15, 2011, the Defendant entered a plea of guilty to Count 1, the conspiracy charge, and the Court adjudged him guilty on July 5. In his written Plea Agreement [ECF No. 237] with the Government, the Defendant agreed that he was guilty of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, but he was "not agreeing to a quantity of five (5) kilograms or

more." (Plea Agreement ¶ 8.a, ECF No. 237.) The parties further agreed that "the Court will determine the applicable drug quantity at sentencing." (*Id.*)

The United States Probation Officer has prepared a Presentence Investigation Report (PSR) for the Court. The Offense Conduct section of the PSR reported that through surveillance and other investigation, including a wiretap, law enforcement learned that the Defendant was one of the individuals making deliveries of cocaine at the request of Co-defendant Andre Hutchins. The PSR cited evidence that the Defendant delivered or packaged cocaine on April 25, 27, 28 and May 16, 2009, as examples of his activity and involvement in the charged conspiracy. During a search conducted on May 27, 2009, officers recovered from the Defendant's residence two baggies of cocaine and a handgun. A second handgun was recovered from the Defendant's car. In paragraph 26 of the PSR, the probation officer stated that she had reviewed "the Government's case files which contained investigative reports from the Federal Bureau of Investigation, Drug Enforcement Agency and Indiana State Police Laboratory," that the "case reports corroborate the version submitted by the Government," and that "[a] comprehensive review of the electronic surveillance records indicates the cocaine amount involved in the defendant's offense of conviction, including relevant conduct was at least five (5) kilograms but not more than 15 kilograms." (PSR ¶ 26, ECF No. 304.) The officer then wrote:

> Pursuant to U.S.S.G. §1B1.3 (a)(1)(B), in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), [relevant conduct includes] all reasonable foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. Investigative documents revealed the conspiracy is accountable for distribution of at least five (5) kilograms of cocaine. After careful review of the investigative documents, this officer was unable to find evidence or an aggregate amount of

cocaine exceeding 15 kilograms.

(PSR ¶ 27.) Based on a quantity of cocaine between 5 and 15 kilograms, the base offense level was set at 32. (PSR ¶ 34.) Pursuant to U.S.S.G. §2D1.1(b)(1), the offense level was increased by 2 levels for the Defendant's possession of a firearm. (PSR ¶ 35.) The offense level was reduced by three points for acceptance of responsibility, leaving an adjusted total offense level of 31. The Defendant's criminal history category of I yielded a Guideline range of 108 to 135 months imprisonment.

The Defendant has lodged three objections to the PSR. First, he objects to the Government's version of the Offense Conduct, namely the specific time frames listed, the cocaine amounts attributable to him, and the inclusion of the seized firearms, which led to the weapon enhancement. Second, the Defendant argues that he is not responsible for between 5 and 15 kilograms of cocaine as reasonably foreseen quantities involved in jointly undertaken criminal activity. Last, he argues that he is eligible for a downward adjustment for his minimal role in the offense. In response to these objections, the Government argues that the Offense Conduct appropriately included the sequential succession of criminal activity committed by the Defendant and other conspirators over the course of the conspiracy. The Government notes that the Defendant possessed a handgun in conjunction with the cocaine stored in his bedroom and also had a handgun in the vehicle used to perform the cocaine deliveries, both of which were readily available as a means of protection. In response to the Defendant's objection regarding relevant conduct and the quantity of cocaine, the Government asserts that the Defendant aided the conspiracy by serving as a delivery person, offering a stash location, and packaging cocaine for other deliveries. The Government contends that, because the Defendant handled multi-ounce

quantities of cocaine, he could have reasonably foreseen the jointly undertaken activity to involve more than 5 kilograms of cocaine. Finally, the Government agrees that the Defendant is entitled to a two level minor participant reduction, but only if he is held accountable for the jointly undertaken distribution of more than 5 kilograms of cocaine. The Government states that if the Defendant is only held accountable for the quantities he personally packaged and delivered, then no such reduction should be applied. The probation officer did not revise the PSR.

Upon request of the parties, the Court scheduled an evidentiary hearing to resolve the pending objections, particularly with respect to the drug quantities. The Court vacated the hearing after the parties filed a Stipulation "to resolve all pending objections, subject to the approval of the Court." (Stipulation 1, ECF No. 312.) The Defendant and the Government agree that, "for purposes of applying U.S.S.G. § 2D1.1, the amount of cocaine involved in the Defendant's offense of conviction including relevant conduct was at least 500 grams but less than 2 kilograms." (*Id.*) "The parties further agree that the gun enhancement in U.S.S.G. § 2D1.1(b)(1) was appropriately assessed and that there should be no role reduction." (*Id.*) If the Court accepts the Stipulation regarding the Guideline calculations, the Defendant's offense level will be 25 and his Guideline range will be 57 to 71 months of imprisonment. The Government has agreed to recommend the low end of the advisory Guideline range. The Defendant has agreed that no grounds exist to support a variance and that a Guideline sentence is fair and reasonable.

# ANALYSIS

A district court's duties at sentencing are twofold: first, the court must correctly calculate the applicable guidelines range; secondly, it must make an individualized assessment of the defendant, in light of the sentencing factors listed in 18 U.S.C. § 3553(a), to arrive at a reasonable sentence and adequately explain the chosen sentence to allow for meaningful review. *Gall v. United States*, 552 U.S. 38 (2007); *see also United States v. Farmer*, 543 F.3d 363, 375 (7th Cir. 2008) ("Although the Guidelines are advisory, a district court must accurately calculate and consult the defendant's Guidelines range.").

A stipulation is a contract between two parties to agree that a certain fact is true. *Analytical Eng'g, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 453 (7th Cir. 2005). The Stipulation Regarding Pending Objections and Drug Quantity Pursuant to Sentencing Guidelines stipulates that the quantity of cocaine involved was at least 500 grams but less than 2 kilograms. The remaining two agreements resolve objections to the PSR related to the application of the gun enhancement and the mitigating role reduction and act, in essence, as withdrawals of the objections related to these Guideline factors. The parties' agreements with regard to these objections involve combined questions of law and fact. The Court will address each stipulation in turn.

## A.     Quantity of Drugs

"A defendant's base offense level for a narcotics offense is defined primarily by the amount of drugs attributable to the defendant. The Government bears the burden of proving the quantity of drugs attributable to the defendant by a preponderance of the evidence." *United*

*States v. Dean*, 574 F.3d 836, 844 (7th Cir. 2009) (citations and brackets omitted). In calculating a defendant's offense level, the court considers the offense of conviction and any conduct relevant to the offense. "Relevant conduct" under the Guidelines encompasses two categories of conduct. First, it includes acts and omissions committed by the defendant. U.S.S.G. §1B1.3(a)(1)(A). Second, in the case of a "jointly undertaken criminal activity," relevant conduct includes the "reasonably foreseeable acts and omissions of others in furtherance of" such activity. U.S.S.G. §1B1.3(a)(1)(B). "In applying U.S.S.G. § 1B1.3(a)(1)(B), the district court must make a preliminary determination of the scope of the criminal activity the defendant agreed to jointly undertake." *United States v. Salem*, 597 F.3d 877, 886 (7th Cir. 2010) (citing *United States v. Fox*, 548 F.3d 523, 531–32 (7th Cir. 2008) & *United States v. Thomas*, 199 F.3d 950, 953 (7th Cir. 1999)). "Then the court must make a two-part determination of whether the conduct of others was *both* in furtherance of that joint criminal activity *and* reasonably foreseeable to the defendant in connection with the joint criminal activity." *Id.*

The application notes related to relevant conduct provide, with respect to offenses involving controlled substances, that the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of jointly undertaken criminal activity, all reasonably forseeable quantities that were within the scope of the criminal activity that he jointly undertook. U.S.S.G. §1B1.3 Note 2. A defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy. *Id.* In addition, the scope of criminal activity undertaken by a defendant is not necessarily the same as the scope of the entire conspiracy. *Id.*; *see also United States v. Soto-Piedra*, 525 F.3d 527, 531–32 (7th Cir. 2008) (noting that conspiracy should not be equated to jointly undertaken activity because a

6

defendant could have joined a conspiracy without having joined in or agreed to all the activities undertaken by it). One illustration from the Guidelines highlights the importance of finding that activity was jointly undertaken before including it as relevant conduct:

> Defendant O knows about her boyfriend's ongoing drug-trafficking activity, but agrees to participate on only one occasion by making a delivery for him at his request when he was ill. Defendant O is accountable under subsection (a)(1)(A) for the drug quantity involved on that one occasion. Defendant O is not accountable for the other drug sales made by her boyfriend because those sales were not in furtherance of her jointly undertaken criminal activity (i.e. the one delivery).

U.S.S.G. §1B1.3 Note 2, Illustration (c)(5).

Here, the offense conduct cited in the PSR and the Defendant's admission of his activity in furtherance of jointly undertaken criminal activity support the stipulated drug quantity of at least 500 grams but less than 2 kilograms. The Defendant's agreement with Andre Hutchins was to package and deliver cocaine on a few discrete occasions near the end of the conspiracy when the primary delivery person, Takiesha McGlaston, was unavailable. It is these amounts that are represented by the stipulated drug quantity. The Superseding Indictment charges that the conspiracy was ongoing from July 14, 2008, to May 27, 2009, but the evidence before the Court, as set forth in the PSR, is that the Defendant was not approached by Andre until April 2009. The record does not establish that the scope of the Defendant's jointly undertaken criminal activity was coextensive with that of Andre or the entire conspiracy. Although it was most likely foreseeable to the Defendant that Andre was distributing greater quantities of cocaine, the evidence is not sufficient to establish that it was foreseeable in connection with their joint criminal activity. *See Soto-Piedra*, 525 F.3d at 533 (holding that "[a]ctions of coconspirators that a particular defendant does not assist or agree to promote are generally not within the scope of that defendant's jointly undertaken activity"). Accordingly, the Court accepts the parties'

7

stipulated drug quantity for purposes of applying U.S.S.G. § 2D1.1 and will direct that the probation officer revise the PSR consistent with these findings.

**B.      Firearm Enhancement**

The sentencing guidelines require a 2 level increase in the offense level "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. §2D1.1(b)(1). The Commentary to § 2D1.1 provides that the adjustment for possessing a firearm "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 Note 3 (noting that the enhancement would not apply, for example, if a defendant was arrested at his residence and had an unloaded hunting rifle in the closet). The government bears the initial burden of proving by a preponderance of the evidence that the defendant possessed a weapon in a place where drugs were present. *United States v. Idowu*, 520 F.3d 790, 793 (7th Cir. 2008); *United States v. Bjorkman*, 270 F.3d 482, 492 (7th Cir. 2001).

A firearm was found in the Defendant's bedroom in close proximity to cocaine and another handgun was located in the vehicle the Defendant used to make cocaine deliveries. This is strong evidence that the firearms were used in connection with his drug activity. *United States v. Perez*, 581 F.3d 539, 546–47 (7th Cir. 2009) (upholding application of enhancement where illegal drugs and packaging materials were found inside a house the defendant owned and a gun was located in the bedroom of the same home); *United States v. Grimm,* 170 F.3d 760, 767–68 (7th Cir. 1999) (holding that it was not "clearly improbable" that a weapon was used in connection with a drug offense even though the gun was not found in a place where drugs were present but was found in a car that had been used to transport a shipment of drugs six weeks

earlier). The Defendant has not articulated any reason why it was clearly improbable that the weapon was connected to his drug activity. Instead, he argued in his objection to the PSR that he had a permit for the firearms. However, lawful use of a firearm does not vitiate another unlawful use. *United States v. Shamah*, 624 F.3d 449, 459 (7th Cir. 2010). The Court finds that the two level increase in the base offense level for possession of a firearm is appropriate and thus accepts the parties' Stipulation on this point.

**C.      Minimal Role Reduction**

According to U.S.S.G. § 3B1.2, a defendant is considered a minimal participant if he is plainly among the least culpable of those involved in the conduct. The application notes refer to a Defendant who lacks knowledge or understanding of the scope and structure of the enterprise and of the activities of others. The 4-level minimal participant reduction is intended to be used "infrequently." U.S.S.G. § 3B1.2 Note 4. By comparison, a minor participant is one who is less culpable than most other participants, but whose role could not be described as minimal. The reduction for a minor participant is 2 levels. If a case falls between the two, a reduction of 3 points is appropriate.

Just because the offense conduct at issue involves only those quantities of drugs that the Defendant personally packaged and delivered does not make him ineligible for the mitigating role adjustment. The Guideline commentary provides:

> A defendant who is accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the

9

> quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline

U.S.S.G. § 3B1.2 Note 3(A). For the reduction to apply, the Court must determine whether the Defendant was substantially less culpable than the average participant. Just because a defendant may have been less culpable than the leaders of concerted criminal activity does not mean that he qualifies as a minor or minimal participant. *See United States v. McGee*, 408 F.3d 966, 987 (7th Cir. 2005); *see also United States v. Gallardo*, 497 F.3d 727, 741 (7th Cir. 2007) (holding that when assessing whether a defendant is entitled to a role reduction, his role "should be compared to that of the average member of the conspiracy, not with the leaders").

Andre was one of the leaders of the conspiracy, as was his supplier of cocaine, Co-defendant Charles Dies. Co-defendant Talitha Hutchins is Andre's wife. Andre used the residence he shared with Talitha to stash cocaine and drug proceeds and as a meeting place to distribute cocaine. Talitha was aware of her husband's drug dealing activity and committed some acts of assistance. Co-defendant Arielean Hutchins is Andre's mother. Andre used his mother's house as a stash house for drugs. Co-Defendant Paris Jones provided Andre with information and advice regarding his drug dealing operation so that they could avoid law enforcement surveillance and apprehension. In April 2009, Andre recruited his cousin, Co-defendant Takiesha McGlaston to became his drug courier after he became concerned about law enforcement surveillance. Around this same time, Andre also recruited the Defendant to help with deliveries when McGlaston was not available.

A drug courier can play an integral role in a conspiracy. *See United States v. Mendoza*, 457 F.3d 726 (7th Cir. 2006). As a courier, the Defendant not only filled in when McGlaston was unavailable to make deliveries, but also helped with packaging the correct quantities.

10

Furthermore, he stored cocaine at his residence when Andre's mother became concerned about a police car in front of her residence. The Defendant possessed a gun in relation to this drug activity. The Defendant's role, when compared to the acts of the co-conspirators, does not lead to the conclusion that the Defendant was substantially less culpable than the average participant in the conspiracy. The Court will thus accept the parties' Stipulation that the Defendant is not entitled to a role reduction.

## CONCLUSION

For the foregoing reasons, the Court ACCEPTS the Stipulation Regarding Pending Objections and Drug Quantity Pursuant to Sentencing Guidelines [ECF No. 312]. The Court DIRECTS the probation officer to revise the PSR in accordance with the parties' Stipulation and the Court's Opinion and Order. The Court CONFIRMS the sentencing date of November 10, 2011, at 10:30 AM.

SO ORDERED on November 7, 2011.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT